IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

Octavious Burks; Joshua Bassett, on Behalf of  \*
Themselves and All Others Similarly Situated,  \*
                                               \*
              Plaintiffs,                      \*
vs.                                            \*   Case No: 3:14cv745HTW-LRA
                                               \*
Scott County, Mississippi; The Honorable       \*
Marcus D. Gordon, in his official capacity;    \*
The Honorable Bill Freeman, in his official    \*
capacity; The Honorable Wilbur McCurdy,        \*
in his official capacity; Mark Duncan,         \*
District Attorney for the 8th Circuit Court    \*
District, in his official capacity; Mike Lee,  \*
Scott County Sheriff, in his official capacity;\*
                                               \*
              Defendants.                      \*

**CLASS ACTION COMPLAINT**

1

## INTRODUCTION

1. Plaintiff Octavious Burks is an unindicted felony defendant who has been held in the Scott County Detention Center without counsel since November 18, 2013. Plaintiff Joshua Bassett is an unindicted felony defendant who has been held in the Scott County Detention Center since January 16, 2014. They bring this class action suit under 42 U.S.C. § 1983 on behalf of themselves and those similarly situated who have been indefinitely detained without individualized bail hearings in Scott County and who have been indefinitely denied counsel throughout the Eighth Circuit Court District.

2. Plaintiffs seek, for themselves and those similarly situated, declaratory and injunctive relief to end and remedy Defendants' unconstitutional policies, which violate Plaintiffs' Sixth and Fourteenth Amendment rights to the assistance of counsel, their Sixth Amendment rights to a speedy trial, their Fourteenth Amendment rights against excessive and punitive pre-indictment detention, and their Fourteenth Amendment rights to an individualized bail hearing and determination.

## JURISDICTION AND VENUE

3. Plaintiffs' claims arise under the Constitution and laws of the United States. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

4. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65. The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983.

5. Venue is proper in the Southern District of Mississippi under 28 U.S.C. § 1391(e). All Defendants, as well as the Named Plaintiffs and all potential class members,

reside in this judicial district. All of the acts and omissions by Defendants giving rise to this action occurred in this judicial district.

## PARTIES

*Named Plaintiffs*

6. Named Plaintiff Octavious Burks is a resident of Scott County, Mississippi.

7. On November 18, 2013, Mr. Burks was arrested in Scott County for attempted armed robbery, possession of a weapon by a felon, disorderly conduct, and possession of paraphernalia.

8. Justice Court Judge Bill Freeman conducted Mr. Burks' initial appearance on November 18, 2013. Mr. Burks was unrepresented at the initial appearance.

9. Mr. Burks has a fundamental constitutional right to bail under the Mississippi Constitution. Nevertheless, on the recommendation of the arresting officer, Judge Freeman set Mr. Burks' bail at $30,000. Judge Freeman set bail without any individualized hearing or consideration of the bail factors required under state or federal law, including ability to afford bail and the appropriateness of nonmonetary bail options.

10. Mr. Burks could not afford this bail amount when it was set, and he continues to be financially unable to pay either the bond as set or any percentage of the bond that would be required for him to secure bond through a licensed bond company or agent. Moreover, Mr. Burks does not have resources to enable him to post any kind of property bond in the amount of $30,000. Judge Freeman's order therefore constituted a denial of bail to Mr. Burks.

11. Mr. Burks was subsequently remanded to the Scott County Detention Center in Forest, Mississippi. He remains detained there to this day.

12. Despite being detained for over ten months, Mr. Burks has not been indicted by a grand jury.

13. On November 18, 2013, the day of his initial appearance, Mr. Burks completed an Affidavit of Indigence and Application for Appointment of Felony Indigent Counsel.

14. Senior Circuit Judge Marcus Gordon approved Mr. Burks' application for counsel on or about December 19, 2013.

15. Judge Gordon nonetheless has not formally appointed counsel to represent Mr. Burks. Judge Gordon will not appoint counsel until Mr. Burks is indicted.

16. This case is not Mr. Burks' first experience with prolonged detention without counsel in Scott County. On two prior occasions, each for separate felony accusations, Mr. Burks has been held in the Scott County Detention Center without an affordable bail, without counsel, and without indictment.

17. Mr. Burks was first held for nearly 18 months, from August 30, 2009 to February 18, 2011 on suspicion of aggravated assault and disturbing the peace. He was indicted sometime around December, 2010, nearly sixteen months after his arrest. Mr. Burks was released in February, 2014.

18. Mr. Burks was held the second time for nearly a year, from June 18, 2012 to June 7, 2013 for possession of a firearm by a felon. The Sheriff's office eventually released him on his own recognizance without a hearing. Upon information and belief, Mr. Burks has never been indicted on these allegations.

19. All told, Mr. Burks has spent over three years in the Scott County jail since August 30, 2009, on three separate charges. He has only been indicted once, he has never been to trial, and he has never been convicted.

20. Named Plaintiff Joshua Bassett is a resident of Scott County, Mississippi.

21. Plaintiff Bassett was arrested on January 3, 2014 pursuant to a warrant issued the same day for grand larceny and possession of methamphetamine.

22. Justice Court Judge Bill Freeman conducted Plaintiff Bassett's initial appearance on January 16, 2014. Mr. Bassett was unrepresented at the initial appearance.

23. Mr. Bassett has a fundamental constitutional right to bail under the Mississippi Constitution. Nevertheless, on the recommendation of the arresting officer, Judge Freeman set Mr. Bassett's bail at $100,000. Judge Freeman set bail without any individualized hearing or consideration of the bail factors required under state or federal law, including the appropriateness of nonmonetary bail options.

24. Mr. Bassett could not afford this bail amount when it was set, and he continues to be financially unable to pay either the bond as set or any percentage of the bond that would be required for him to secure bond through a licensed bond company or agent. Moreover, Mr. Bassett does not have resources to enable him to post any kind of property bond in the amount of $100,000. Judge Freeman's order therefore constituted a denial of bail to Mr. Bassett.

25. Mr. Bassett was subsequently remanded to the Scott County Detention Center in Forest, Mississippi, where he has since remained.

26. On April 30, 2014, an arrest warrant issued for Mr. Bassett on one allegation of burglary and two allegations of petty larceny.

27. Despite being detained for over eight months, Mr. Bassett has not been indicted by a grand jury on any of these accusations.

28. In March or April of 2014, Mr. Bassett completed an Affidavit of Indigence and Application for Appointment of Felony Indigent Counsel.

29. Senior Circuit Judge Marcus Gordon approved Mr. Bassett's application for counsel on or about May 21, 2014.

30. Judge Gordon nonetheless has not formally appointed counsel to represent Mr. Bassett. Judge Gordon will not appoint counsel until Mr. Bassett is indicted.

*Defendants*

31. Defendant Scott County is one of four counties in the Eighth Circuit Court District of Mississippi. Scott County, through its Board of Supervisors and pursuant to Miss. Code Ann. § 19-3-69, has entered a *Contract for Employment of Felony Indigent Counsel* ("the Contract") with the circuit court, the Board of Supervisors of the other three counties in the Eighth Circuit, and four private attorneys.

32. The contract obligates the county to provide a public defender to represent indigent felony defendants in preliminary hearings in the Justice and Municipal Courts, as well as in appearances and trials in the circuit court.

33. Defendant the Honorable Marcus D. Gordon is the senior circuit judge for the Eighth Circuit Court District of Mississippi, located in Philadelphia, Mississippi and comprised of Leake, Neshoba, Newton, and Scott Counties. He is sued only in his official capacity.

34. Defendant Gordon signed the *Contract for Employment of Felony Indigent Counsel* on behalf of the Eighth Circuit. Under the contract and by custom, Defendant

6

Gordon approves or disapproves the applications of individuals seeking appointed counsel due to indigence.

35. Under the contract and by custom, Defendant Gordon sets the appointment of counsel policies for all counties in the Eighth Circuit Court District. Judge Gordon's uniform policy is to delay appointing counsel to eligible, indigent defendants until they have been indicted, although the Contract requires indigent counsel to provide representation for preliminary hearings.[1]

36. Defendant Gordon is charged with impaneling grand juries in the Eighth Circuit District Court. MS. R. Unif. Cir. And Cty. Ct. Rule 7.02. In Scott County, he impanels the grand jury three times per year.

37. Defendants Bill Freeman and Wilbur McCurdy are the Scott County Justice Court judges. In felony cases prior to indictment, they are responsible for conducting initial appearances and preliminary hearings, as well as for setting the conditions of release for defendants. They are sued only in their official capacities.

38. Defendant Mark Duncan is the District Attorney for the Eighth Circuit District of Mississippi. His office is responsible for prosecuting felony cases in the District, including representing the state before the grand jury. He is sued solely in his official capacity.

39. Defendant Mike Lee is the Sheriff of Scott County. His office is responsible for the custody and control of individuals detained at the Scott County Detention Center.

---

[1] Felony defendants in Mississippi have a right to request and to receive a preliminary hearing to challenge probable cause for the charges prior to indictment. MS. R. Unif. Cir. And Cty. Ct. Rule 6.05. A preliminary hearing is an adversarial proceeding at which both the prosecution and defense may call and cross examine witnesses.

# FACTS

40. The State of Mississippi does not impose a limit on either the length of time a district attorney has to present a felony case to the grand jury for indictment, or on the length of time a felony defendant may be held in jail without a valid indictment.

41. The potential amount of time an indigent defendant detained on a felony charge may spend in jail prior to indictment is therefore indefinite.

42. The judges of the Scott County Justice Court increase the likelihood of indefinite detention by setting bail in arbitrary amounts, without individualized consideration of the bail factors required under state and federal law, including a defendant's ability to afford bail and the propriety of nonmonetary bail.

43. As a result of these practices by the Justice Court judges, felony defendants in Scott County are routinely detained prior to indictment simply because they are too poor to afford bail.

44. The scarcity of grand jury panels further exacerbates the risk of indefinite pre-indictment detention in Scott County.

45. Defendant Gordon impanels the Scott County grand jury three times per year, typically in April, July/August, and November/December.

46. Thus, depending on the timing of the arrest, a detained, felony defendant may wait three to five months to learn if he has been indicted. Each time a defendant's case is either not presented to or passed over by the grand jury potentially adds an additional three to five months to the length of detention.

47. The practices of the District Attorney's office also contribute significantly to the incidence of indefinite pre-indictment detention in Scott County.

48. Specifically, the District Attorney's office does not regularly monitor the progress of law enforcement investigations to avoid delay in the preparation of cases for the grand jury. The District Attorney's office instead has a general policy of not reviewing most felony cases until the investigating law enforcement office completes its investigation and informs the District Attorney that the case is ready for grand jury presentment.

49. Indigent defendants awaiting indictment in Scott County are uniformly denied the assistance of counsel.

50. Pursuant to Defendant Gordon's assignment of counsel policies for the Eighth Circuit, an indigent defendant accused of a felony will not be appointed meaningful, continuous counsel until the defendant is indicted.

51. Because a felony defendant may wait an indefinite amount of time prior to indictment, the amount of time an indigent felony defendant may be denied the assistance of counsel prior to indictment is also indefinite.

52. This systemic denial of counsel is calamitous for those accused of felony offenses in the Eighth District.

53. Accused defendants do not have attorneys to represent them at the initial appearance, where a defendant must argue for release or for reasonable bail. The defendant also does not have an attorney to file a separate habeas action in civil court challenging the bail determination or any other unconstitutional condition of confinement.

54. The defendant has no attorney to protect his right to a preliminary hearing. The defendant lacks counsel to advise him on whether to demand a preliminary hearing, to demand a preliminary hearing, or to prepare for and conduct a preliminary hearing.

55. An unindicted defendant also has no advocate actively investigating the facts and law underlying the charges, preparing a defense, or negotiating a potential resolution with the State.

## CLASS ACTION ALLEGATIONS

56. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs Burks and Bassett bring this suit on behalf of themselves and all others similarly situated who are or will in the future be affected by Defendants' unconstitutional policies, practices, and customs.

57. The Named Plaintiffs seek to represent three classes of individuals to obtain declaratory and injunctive relief that requires Defendants to comply with the constitutional requirements of the assistance of counsel, a speedy trial, non-punitive pre-indictment detention, and an individualized bail determination.

58. The Named Plaintiffs seek to represent a first class [Class #1] comprised of felony defendants in the Eighth Circuit Court District who have been or will be declared indigent and who have been or will be denied the assistance of counsel until indictment.

59. The Named Plaintiffs seek to represent a second class [Class #2] that consists of felony defendants in Scott County who have been or will be detained indefinitely prior to indictment.

60. The Named Plaintiffs seek to represent a third class [Class #3] consisting of felony defendants in Scott County with a right to bail under Mississippi law but who are or will be detained indefinitely pursuant to arbitrarily determined bail amounts.

61. The classes are so numerous that joinder of all members is impracticable, and, because the classes include future members, the size of all three classes will only grow over time so long as Defendants' unconstitutional practices persist.

62. There are questions of law and fact common to each class.

63. Common questions of fact for Class 1 include what are Defendant Gordon's policies with respect to appointing counsel for indigent defendants awaiting indictment and whether he enforces those policies throughout the 8th Circuit Court District.

64. Common questions of fact for Class 2 include how many individuals accused of felonies are currently in jail in Scott County awaiting indictment; what are the Sheriff's Office's policies, practices, and procedures for investigating felonies and handing over cases to the District Attorney for grand jury presentment; and what policies, practices, and procedures does the District Attorney's office follow with respect to monitoring the cases of individuals detained prior to indictment.

65. Common questions of fact for Class 3 include what types of hearings justice court judges provide in determining bail; what factors, if any, justice court judges use to arrive at bail determinations; and how many felony defendants eligible for bail are nonetheless detained due to bail amounts they cannot afford.

66. Common questions of law for Class 1 include whether the initial appearance in Mississippi is a critical stage of the criminal prosecution such that the Sixth and Fourteenth Amendments to the United States Constitution require that defendants in the Eighth Circuit Court District receive meaningful and continuous counsel at the initial appearance; and whether the Sixth and/or Fourteenth Amendments to the United States Constitution guarantee an indefinitely detained, indigent defendant in the Eighth District the right to meaningful and

continuous appointed counsel immediately following the initial appearance and prior to indictment.

67. Common questions of law for Class 2 include whether the indefinite length of time class members risk spending in jail prior to indictment violates their liberty interests in a speedy trial as protected by the Sixth and Fourteenth Amendments to the United States Constitution; and whether the indefinite length of time class members risk spending in jail prior to indictment violates their rights against excessive and punitive detention prior to indictment guaranteed by the Fourteenth Amendment to the United States Constitution.

68. Common questions of law for Class 3 include whether putative class members in Scott County who have a right to bail under Mississippi law are entitled to an individualized bail determination under the Fourteenth Amendment to the United States Constitution.

69. The claims or defenses of the Named Plaintiffs are typical of the claims or defenses of the three proposed classes. The constitutional deprivations suffered by Named Plaintiffs are the same as those of putative class members.

70. The Named Plaintiffs and their attorneys will fairly and adequately protect the interests of the classes. The Named Plaintiffs have no interests antagonistic to the proposed classes, and they are represented by attorneys with significant expertise in criminal procedure and complex civil litigation.

71. Named Plaintiffs seek systemic reform in Scott County to eliminate indefinite pre-indictment detention and indefinite denial of counsel. Defendants' actions and omissions in violation of the federal constitution apply generally within each class; thus, final declaratory and injunctive relief is appropriate for the proposed classes.

# CLAIMS FOR RELIEF

*Count I: Denial of the Sixth and Fourteenth Amendment Right to Counsel*

72. Defendant the Honorable Marcus D. Gordon, in his official capacity as the Senior Circuit Court Judge of the Eighth Circuit Judicial District, by failing to appoint meaningful, continuous counsel to indigent defendants accused of felonies either at the initial appearance or immediately after the initial appearance or arrest, and in delaying the appointment of meaningful, continuous counsel until these defendants have been indicted, has violated the Sixth and Fourteenth Amendment right to the assistance of counsel of Named Plaintiffs and putative class members in proposed Class 1.

*Count II: Denial of Fourteenth Amendment Right to Counsel*

73. Defendant the Honorable Marcus D. Gordon, in his official capacity as the Senior Circuit Court Judge of the Eighth Circuit Judicial District, by failing to appoint meaningful, continuous counsel to eligible indigent defendants accused of felonies either at the initial appearance or immediately after the initial appearance or arrest to conduct a preliminary hearing and begin case preparation, and in delaying the appointment of counsel until these defendants have been indicted, has violated the Fourteenth Amendment due process and equal protection rights to the assistance of counsel of Named Plaintiffs and putative class members in proposed Class 1.

74. Defendant Gordon's policy of denying counsel to unindicted, indigent defendants invidiously discriminates against Named Plaintiffs and the putative Class 1 members by denying them the ability, available to those able to afford private counsel, to obtain the assistance of counsel during the indefinite pre-indictment period.

13

75. Defendant Gordon's policy of denying counsel to unindicted indigent defendants creates an undue risk of depriving Named Plaintiffs and the putative Class 1 members of a fundamentally fair adjudicative process.

*Count III: Denial of Sixth and Fourteenth Amendment Right to Speedy Trial*

76. Defendants, in their official capacities and by their collective policies, practices and procedures described above, have created in Scott County a system of arbitrary, indefinite detention without counsel for unindicted and indigent felony defendants that deprives or unduly risks depriving Named Plaintiffs and putative class members in proposed Class 2 of their liberty as protected by the Sixth and Fourteenth Amendment right to a speedy trial.

*Count IV: Denial of Fourteenth Amendment Right against Excessive Pre-indictment Detention*

77. Defendants, in their official capacities and by their collective policies, practices and procedures described above, have created in Scott County a system of arbitrary, indefinite detention without counsel for unindicted and indigent felony defendants that violates or creates an undue risk of violating Named Plaintiffs' and putative class members in proposed Class 2's right against excessive and punitive pre-indictment detention as guaranteed by Fourteenth Amendment's right to substantive due process.

*Count V: Denial of Fourteenth Amendment Right to an Individualized Bail Determination*

78. Defendants The Honorable Bill Freeman and The Honorable Wilbur McCurdy, in their official capacities as judges of the Scott County Justice Court, implement a policy and practice of arbitrarily setting bail amounts and conditions for release without individualized

hearings or consideration of the bail factors required under state and federal law, including a defendant's ability to pay and the propriety of nonmonetary bail.

79. Named Plaintiffs and the putative Class 3 members have a fundamental constitutional right to bail under the Mississippi Constitution that creates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendants Freeman and McCurdy's failure to provide individualized bail hearings and determinations therefore violates Named Plaintiffs' and the putative class members' rights to due process under the Fourteenth Amendment.

## **RELIEF REQUESTED**

WHEREFORE, Named Plaintiffs Burks and Bassett request that this Court:

a. Certify the three proposed classes as defined in paragraphs 1-79 above;

b. Enter a judgment declaring that Defendant Gordon has violated Named Plaintiffs' and the Class 1 members' right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution;

c. Enter a judgment declaring that Defendant Gordon has violated Named Plaintiffs' and the Class 1 members' right to counsel under the Fourteenth Amendment to the United States Constitution;

d. Enter a judgment declaring that Defendants have violated or unduly risk violating Named Plaintiffs' and the Class 2 members' right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution;

e. Enter a judgment declaring that Defendants have violated or unduly risk violating Named Plaintiffs' and the Class 2 members' right against excessive and punitive pre-indictment

detention under the substantive component of the Due Process Clause of Fourteenth Amendment to the United States Constitution;

f. Enter a judgment declaring that Defendants Freeman and McCurdy have violated Named Plaintiffs' and the Class 3 members' Fourteenth Amendment due process rights to individualized bail determinations;

g. Issue a permanent injunction requiring Defendant Lee to release from his custody those individuals not appointed counsel within one week after their initial appearances;

h. Issue a permanent injunction requiring Defendant Lee to release from his custody those individuals who remain unindicted 21 days after their arrests;

i. Issue a permanent injunction requiring Defendants Duncan and Lee to implement policies and procedures to monitor unindicted felony cases to comply with paragraph h and to otherwise ensure against undue pre-indictment delay;

j. Award costs and attorney's fees pursuant to 42 U.S.C. § 1988;

k. Grant or award any other relief this Court deems just and proper.

This the 23rd day of September, 2014.

Respectfully submitted,

/s/ Brandon J. Buskey

Brandon J. Buskey*
Ezekiel Edwards*
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
212-284-7364
bbuskey@aclu.org
eedwards@aclu.org
* Pro Hac Admission pending

Charles Irvin (MS Bar No. 99607)
ACLU of Mississippi, Foundation, Inc.
233 East Capital Street
Jackson, MS 39201
(601) 3543408
cirvin@aclu-ms.org

James Craig (MS Bar No. 7798)
Katie Schwartzmann*
Roderick and Solange MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, LA 70119-6824
504-620-2259 phone
jim.craig@macarthurjustice.org
katie.schwartzmann@macarthurjustice.org

J. Cliff Johnson (MS Bar No. 9383)
Roderick and Solange MacArthur Justice Center
P.O. Box 1848
University, MS 38677
662-915-7629 phone
cjohnson@macarthurjustice.org