# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | | |
|---|---|---|
| Octavious Burks; Joshua Bassett, on Behalf of | * | |
| Themselves and All Others Similarly Situated, | * | |
| | * | |
| Plaintiffs, | * | |
| vs. | * | Case No: 3:14cv745HTW-LRA |
| | * | |
| Scott County, Mississippi; The Honorable | * | |
| Marcus D. Gordon, in his official capacity; | * | |
| The Honorable Bill Freeman, in his official | * | |
| capacity; The Honorable Wilbur McCurdy, | * | |
| in his official capacity; Mark Duncan, | * | |
| District Attorney for the 8th Circuit Court | * | |
| District, in his official capacity; | * | |
| | * | |
| Defendants. | * | |

## AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

1.      Plaintiff Octavious Burks is an unindicted felony arrestee who, at the time this suit was filed originally on September 23, 2014, had been held in the Scott County Detention Center without counsel since November 18, 2013.  Plaintiff Joshua Bassett is a felony arrestee who, at the time this suit was filed originally on September 23, 2014, had been held in the Scott County Detention Center without counsel and without indictment since January 16, 2014.  They bring this class action suit under 42 U.S.C. § 1983 on behalf of themselves and those similarly situated who have been indefinitely detained without individualized bail hearings in Scott County and who have been indefinitely denied counsel throughout the Eighth Circuit Court District.

2.      As class representatives, Plaintiffs seek, for themselves and those similarly situated, declaratory relief to end and remedy Defendants' unconstitutional policies, which violate Plaintiffs' Sixth and Fourteenth Amendment rights to the assistance of counsel, their Sixth Amendment rights to a speedy trial, their Fourteenth Amendment rights against excessive and punitive pre-indictment detention, and their Fourteenth Amendment rights to an individualized bail hearing and determination.

3.      Individually, Plaintiffs seek for themselves money damages against Defendant Scott County to compensate them for the months Plaintiffs wrongfully spent in jail awaiting indictment due directly to Scott County's unconstitutional customs and policies, which violate Plaintiffs' Sixth and Fourteenth Amendment rights to the assistance of counsel and their Fourteenth Amendment rights to an individualized bail hearing and determination.

1

## JURISDICTION AND VENUE

4.     Plaintiffs' claims arise under the Constitution and laws of the United States.  This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

5.     This Court has the authority to grant declaratory relief under 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57.  The federal rights asserted by Plaintiffs are enforceable under 42 U.S.C. § 1983.

6.      Venue is proper in the Southern District of Mississippi under 28 U.S.C. § 1391(e).  All Defendants, as well as the Named Plaintiffs and all potential class members, reside in this judicial district.  All of the acts and omissions by Defendants giving rise to this action occurred in this judicial district.

## PARTIES

*Named Plaintiffs*

7.     Named Plaintiff Octavious Burks is a resident of Scott County, Mississippi.

8.     On November 18, 2013, Mr. Burks was arrested in Scott County for attempted armed robbery, possession of a weapon by a felon, disorderly conduct, and possession of paraphernalia.

9.     Justice Court Judge Bill Freeman conducted Mr. Burks' initial appearance on November 18, 2013.  Mr. Burks was unrepresented at the initial appearance.

10.    Mr. Burks has a fundamental constitutional right to bail under the Mississippi Constitution.  Nevertheless, on the recommendation of the arresting officer, Judge Freeman set Mr. Burks' bail at $30,000.  Judge Freeman set bail without any individualized hearing or

consideration of the bail factors required under state or federal law, including ability to afford bail and the appropriateness of nonmonetary bail options.

11.     Mr. Burks could not afford this bail amount when it was set, and he continues to be financially unable to pay either the bond as set or any percentage of the bond that would be required for him to secure the bond through a licensed bond company or agent.  Moreover, Mr. Burks does not have resources to enable him to post any kind of property bond in the amount of $30,000.  Judge Freeman's order therefore constituted a denial of bail to Mr. Burks.

12.     Mr. Burks was subsequently remanded to the Scott County Detention Center in Forest, Mississippi.

13.     Mr. Burks has not been indicted by a Scott County grand jury.

14.     After the filing of the Complaint, Scott County Sheriff Mike Lee publicly claimed that Plaintiff Burks could have made bail at $5,000.  If true, none of the Defendants notified Plaintiff Burks that his bail had been, or could be, reduced from $30,000 to $5,000, and they did not they inform him of when this change occurred.

15.     Mr. Burks could have afforded to pay the percentage of a $5,000 bond required to secure such a bond through a licensed bond company or agent.

16.     The lowering of Plaintiff Burks' bond from $30,000 to $5,000, without any hearing, demonstrates that Defendant Freeman arbitrarily set Mr. Burks' bail at $30,000 in the first instance.

17.     On November 18, 2013, the day of his initial appearance in the Scott County Justice Court, Mr. Burks completed an Affidavit of Indigence and Application for Appointment of Felony Indigent Counsel.   Under Mississippi law, Plaintiff Burks's

3

submission of the Affidavit of Indigence entitled him to immediate representation by the public defender.  Miss. Code Ann. § 25-32-9(1) ("Upon the signing of such affidavit by [the accused person], the public defender shall represent said person unless the right to counsel shall be waived by such person.").

18.     Senior Circuit Judge Marcus Gordon, on behalf of Scott County, did not approve Mr. Burks' application for counsel until on or about December 19, 2013.

19.     Judge Gordon and Scott County have not appointed counsel to represent Mr. Burks.  They will not appoint counsel until Mr. Burks is indicted.

20.     Had Defendant Scott County provided Plaintiff Burks with an individualized bail hearing and counsel either at or immediately after his initial appearance to conduct bail and preliminary hearings, the Justice Court would have set Mr. Burks bail at $5,000.  Mr. Burks would have then secured his release from the Scott County jail and remained at liberty pending the action of the grand jury.

21.     This case is not Mr. Burks' first experience with prolonged detention without counsel in Scott County.  On two prior occasions, each for separate felony accusations, Mr. Burks has been held in the Scott County Detention Center without an affordable bail, without counsel, and without indictment.

22.     Mr. Burks was first held for nearly 18 months, from August 30, 2009 to February 18, 2011 on suspicion of aggravated assault and disturbing the peace.  He was indicted sometime around December, 2010, nearly sixteen months after his arrest.  Mr. Burks was released in February, 2011.

23.     Mr. Burks was held the second time for nearly a year, from June 18, 2012 to June 7, 2013 for possession of a firearm by a felon.  The Sheriff's office eventually released him

on his own recognizance without a hearing.   Upon information and belief, Mr. Burks has never been indicted on these allegations.

24.     All told, Mr. Burks spent over three years in the Scott County jail since August 30, 2009, on three separate charges.   He has only been indicted once, he has never been to trial, and he has never been convicted.

25.     On September 26, 2014, three days after the filing of this lawsuit, this Court, on the application of the United States Attorney's Office, entered an order for writ of habeas corpus directing the Scott County jail to deliver Plaintiff Burks to federal custody for an initial appearance in federal court on October 16, 2014.

26.     The order followed a federal indictment issued on September 9, 2014, charging Plaintiff Burks with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

27.     Neither Plaintiff Burks nor undersigned counsel were aware of the federal indictment prior to this Court's issuance of the writ.

28.     This Court conducted Plaintiff Burks' initial appearance on his federal charges on October 16, 2014.   Mr. Burks was represented by an attorney from the federal public defender's office.

29.     Plaintiff Burks had the opportunity that day to conduct a bail hearing to determine his conditions for release.   However, Mr. Burks waived this hearing because his official status as a Scott County inmate rendered a federal detention hearing moot.

30.     Plaintiff Burks subsequently pleaded guilty to the indictment on October 21, 2014.  His sentencing is currently scheduled for January 26, 2014.

31.     Named Plaintiff Joshua Bassett is a resident of Scott County, Mississippi.

32.     Plaintiff Bassett was arrested on January 3, 2014, pursuant to a warrant issued the same day for grand larceny and possession of methamphetamine.

33.     Justice Court Judge Bill Freeman conducted Plaintiff Bassett's initial appearance on January 16, 2014.  Mr. Bassett was unrepresented at the initial appearance.

34.      Mr. Bassett has a fundamental constitutional right to bail under the Mississippi Constitution.  Nevertheless, on the recommendation of the arresting officer, Judge Freeman set Mr. Bassett's bail at $100,000.  Judge Freeman set bail without any individualized hearing or consideration of the bail factors required under state or federal law, including the appropriateness of nonmonetary bail options.

35.     Mr. Bassett could not afford this bail amount when it was set, and he continues to be financially unable to pay either the bond as set or any percentage of the bond that would be required for him to secure bond through a licensed bond company or agent.  Moreover, Mr. Bassett does not have resources to enable him to post any kind of property bond in the amount of $100,000. Judge Freeman's order therefore constituted a denial of bail to Mr. Bassett.

36.     Mr. Bassett was subsequently remanded to the Scott County Detention Center in Forest, Mississippi.

37.     On April 30, 2014, an arrest warrant issued for Mr. Bassett on one allegation of burglary and two allegations of petty larceny.

38.     In March or April of 2014, Mr. Bassett completed an Affidavit of Indigence and Application for Appointment of Felony Indigent Counsel.

39.     Under Mississippi law, Plaintiff Bassett's submission of the Affidavit of Indigence entitled him to immediate representation by the public defender.  Miss. Code Ann.

§ 25-32-9(1) ("Upon the signing of such affidavit by [the accused person], the public defender shall represent said person unless the right to counsel shall be waived by such person.").

40.     Senior Circuit Judge Marcus Gordon did not approve Mr. Bassett's application for counsel on or about May 21, 2014.

41.     Scott County and Judge Gordon nonetheless did not formally appointed counsel to represent Mr. Bassett.  They refused to appoint counsel until Mr. Bassett was indicted.

42.     On September 25, 2014, two days after the filing of the original Complaint, Sheriff Lee released Plaintiff Bassett from the Scott County jail on a recognizance bond.

43.     Defendant Lee released Plaintiff Bassett on the recommendation of Defendant District Attorney Gordon that Plaintiff Bassett be released if Scott County authorities determined that Mr. Bassett was not a flight risk or a danger to the community.  Chris Allen Baker, *ACLU files lawsuit against Scott County*, Scott County Times, Oct. 1, 2014.

44.     Plaintiff Bassett's release on his own recognizance demonstrates that Defendant Freeman arbitrarily set Mr. Bassett's bail at $100,000 in the first instance.

45.     Had Defendant Scott County provided Plaintiff Bassett with an individualized bail hearing and counsel either at or immediately after his initial appearance to conduct the bail hearing, Mr. Bassett could have secured a recognizance bond soon after his arrest and remained at liberty pending the action of the grand jury.

46.     Plaintiff Bassett was not indicted on the felony charges until December 4, 2014. He was not detained following indictment.

*Defendants*

47.     Defendant Scott County is one of four counties in the Eighth Circuit Court District of Mississippi.  The Mississippi Constitution and state law delegates to Scott County the State's Sixth and Fourteenth Amendment obligation to provide attorneys to arrestees who request and cannot afford them.  *See, e.g.*, Miss. Const. art., 14, § 261; Miss. Code Ann. § 25-32-1; Miss. Code Ann. § 99-15-17.

48.     To fulfill this duty, Scott County, through its Board of Supervisors and pursuant to Miss. Code Ann. § 19-3-69, has entered a *Contract for Employment of Felony Indigent Counsel* ("the Contract") with the circuit court, the Board of Supervisors of the other three counties in the Eighth Circuit, and four private attorneys.

49.     The Contract obligates the county to provide a public defender to represent indigent felony arrestees in preliminary hearings in the Justice and Municipal Courts.  The Named Plaintiffs and putative class members are intended third-party beneficiaries of this Contract.

50.     Scott County nonetheless enforces a custom and policy of not providing counsel to indigent felony arrestees until they have been indicted.

51.     Defendant the Honorable Marcus D. Gordon is the senior circuit judge for the Eighth Circuit Court District of Mississippi, located in Philadelphia, Mississippi and comprised of Leake, Neshoba, Newton, and Scott Counties.  He is sued only in his official capacity.

52.     Defendant Gordon is a signatory to the *Contract for Employment of Felony Indigent Counsel* on behalf of the Eighth Circuit.  Under the contract and by custom, Defendant Gordon approves or disapproves the applications of individuals seeking appointed counsel due to indigence.

53.     Under the contract and by custom, Defendant Gordon sets the appointment of counsel policies for all counties in the Eighth Circuit Court District, including Defendant Scott County.   Judge Gordon's and the counties' uniform policy is to delay appointing counsel to eligible, indigent arrestees until they have been indicted, although the Contract and state law requires the counties to provide indigent counsel to individuals prior to indictment to conduct preliminary hearings.

54.     Defendant Gordon is charged with impaneling grand juries in the Eighth Circuit District Court.   MS R. Unif. Cir. and Cty. Ct. Rule 7.02.   In Scott County, he impanels the grand jury three times per year.

55.     Defendants Bill Freeman and Wilbur McCurdy are Justice Court judges for Defendant Scott County.   In felony cases prior to indictment, they are responsible for conducting initial appearances and preliminary hearings, as well as for setting the conditions of release for arrestees.   They are sued only in their official capacities.

56.     Defendant Mark Duncan is the District Attorney for the Eighth Circuit District of Mississippi.   His office is responsible for prosecuting felony cases in the District, including representing the state before the grand jury.   He is sued solely in his official capacity.

## FACTS

57.      The Mississippi Constitution guarantees that the State may not formally proceed with a felony prosecution unless it first secures an indictment against the accused from a grand jury.   Miss. Const. art. 3, § 27.

58.     The State of Mississippi does not impose a limit on either the length of time a district attorney has to present a felony case to the grand jury for indictment, or on the length of time a felony arrestee may be held in jail without a valid indictment.

9

59.     Thus, although those accused of a felony have a state constitutional right to an indictment before they may be formally prosecuted, an arrestee may spend an indefinite amount of time detained on a felony accusation prior to indictment.

60.     Scott County's justice court judges increase the likelihood of indefinite detention prior to indictment by setting bail in arbitrary amounts, without individualized consideration of the bail factors required under state and federal law, including a defendant's ability to afford bail and the propriety of nonmonetary bail.

61.     As a result of these practices by the Justice Court judges, felony arrestees in Scott County are routinely detained prior to indictment simply because they are too poor to afford bail.

62.     The scarcity of grand jury panels further exacerbates the risk of indefinite pre-indictment detention in Scott County.

63.     Defendant Gordon impanels the Scott County grand jury three times per year, typically in April, July/August, and November/December.  The grand jury is discharged after no more than thirty days' service. Outside of these three grand jury terms, there is no continuous session of the Scott County grand jury.

64.     Thus, depending on the timing of the arrest, a detained, felony arrestee may wait three to five months to learn if he has been indicted.  Each time the District Attorney's office fails to present an arrestee's case to the grand jury potentially adds an additional three to five months to the length of detention.

65.     The policies and practices of the District Attorney's office also contribute significantly to the incidence of indefinite pre-indictment detention in Scott County.

66.     Specifically, the District Attorney's office does not regularly monitor the progress of law enforcement investigations to avoid delay in the preparation of cases for the grand jury.  The District Attorney's office instead has a general policy of not reviewing most felony cases until the investigating law enforcement office completes its investigation and informs the District Attorney that the case is ready for grand jury presentment.

67.     Exacerbating the problem of delayed indictment, indigent arrestees awaiting indictment in Scott County are uniformly denied the assistance of counsel.

68.     Pursuant to Defendant Gordon's assignment of counsel policies for the counties constituting the Eighth Circuit, an indigent accused of a felony will not be appointed meaningful, continuous counsel unless and until the arrestee is indicted.

69.     The policy stems from Judge Gordon's view that the Circuit Court lacks jurisdiction to appoint counsel for arrestees who request a preliminary hearing.  Campbell Robertson, *In a Mississippi Jail, Convictions and Counsel Appear Optional*, N.Y. Times, Sept. 25, 2014, at A15.

70.     Judge Gordon also stated his belief that appointing counsel prior to indictment would be a waste of resources.  *Id.* ("The reason is, that public defender would go out and spend his time and money and cost the county money in investigating the matter . . . . And then sometimes, the defendant is not indicted by the grand jury. So I wait until he's been indicted.").

71.     Because a felony arrestee may wait an indefinite amount of time prior to indictment, the amount of time an indigent felony arrestee may be denied the assistance of counsel prior to indictment is also indefinite.

72.     This systemic denial of counsel is calamitous for those accused of felony offenses in the Eighth Circuit Court District.

73.     An arrestee's right to counsel attaches at the initial appearance, and thereafter counsel must be provided in time for that attorney to provide meaningful representation at any subsequent "critical phase" of the criminal proceedings. *Rothgery v. Gillespie Cnty., Tex.,* 554 U.S. 191, 212-13 (2008).

74.     Unindicted felony arrestees do not have attorneys to represent them at the initial appearance, a critical stage of the criminal proceedings in the Eighth District, where a defendant must argue for release or reasonable bail, or face an indefinite period of detention awaiting indictment.

75.     Unindicted felony arrestees also have no attorney to protect their right to a preliminary hearing, despite the fact that the preliminary hearing is undeniably a critical stage of Mississippi criminal proceedings at which indigent arrestees are entitled to counsel. *McHale v. State*, 284 So. 2d 42, 44 (Miss. 1973) (citing *Coleman v. Alabama*, 399 U.S. 1 (1970)).

76.     An arrestee has the right in a preliminary hearing to discover evidence, to call witnesses on her behalf, and to cross examine the state's witnesses. *Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss. 1992).

77.     If the court finds there is no probable cause, it must release the arrestee pending the action of the grand jury. MS R. Unif. Cir. and Cty. Ct. Rule 6.04. Should the court find probable cause, it may review the bail determination and set new conditions for release. *Id.*

78.     Felony arrestees held in custody in Mississippi have an absolute right to request and to receive a preliminary hearing to challenge probable cause for the arrest prior to

indictment.  MS R. Unif. Cir. and Cty. Ct. Rules 6.04, 6.05.  However, an indicted defendant is not entitled to a preliminary hearing.  *Id.*

79.     The Mississippi Attorney General has twice announced that indigent arrestees should be appointed counsel prior to indictment to conduct preliminary hearings and to begin continuous representation.  *See* MS AG Op., Miller (March 27, 2009) (citing MS AG Op., Rushing (March 24, 1993)).

80.     However, according to Judge Gordon, an unindicted arrestee desiring a preliminary hearing "can represent himself, or he can employ an attorney."  Robertson, *supra*, at A15.

81.     The result of Defendant Gordon's and the counties of the Eighth Circuit's custom and policy is that unindicted, indigent arrestees, who are entitled to appointed counsel for a preliminary hearing under the Contract, state law, and federal law, receive neither counsel nor a preliminary hearing.

82.     The arrestee also does not have an attorney to challenge the bail amount by pursuing a separate civil habeas action or a petition under Rule 9 of the Mississippi Rules of Appellate Procedure.

83.     An unindicted arrestee has no advocate actively investigating the facts and law underlying the allegations, preparing a defense strategy, or negotiating a potential resolution with the State.

## CLASS ACTION ALLEGATIONS

84.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs Burks and Bassett bring this suit on behalf of themselves and all others similarly situated

who are or will in the future be affected by Defendants' unconstitutional policies, practices, and customs.

85.     The Named Plaintiffs seek to represent three classes of individuals to obtain declaratory and injunctive relief that requires Defendants to comply with the constitutional requirements of the assistance of counsel, a speedy trial, non-punitive pre-indictment detention, and an individualized bail determination.

86.     The Named Plaintiffs seek to represent a first class [Class 1] comprised of felony arrestees in the Eighth Circuit Court District who have signed an affidavit of indigence and who have been or will be denied the assistance of counsel until indictment.

87.     The Named Plaintiffs seek to represent a second class [Class 2] that consists of felony arrestees in Scott County who have been or will be detained indefinitely prior to indictment.

88.     The Named Plaintiffs seek to represent a third class [Class 3] consisting of felony arrestees in Scott County with a right to bail under Mississippi law but who have been or will be denied individualized bail hearings.

89.      The classes are so numerous that joinder of all members is impracticable, and, because the classes include future members, the size of all three classes will only grow over time so long as Defendants' unconstitutional practices persist.

90.     There are questions of law and fact common to each class.

91.     Common questions of fact for Class 1 include what are Defendant Gordon's and the Eighth Circuit counties' policies with respect to appointing counsel for indigent arrestees awaiting indictment and whether he enforces those policies throughout the 8th Circuit Court District.

92.     Common questions of fact for Class 2 include how many individuals accused of felonies are currently in jail in Scott County awaiting indictment; what are the Sheriff's Office's policies, practices, and procedures for investigating felonies and handing over cases to the District Attorney for grand jury presentment; and what policies, practices, and procedures does the District Attorney's office follow with respect to monitoring the cases of individuals detained prior to indictment.

93.     Common questions of fact for Class 3 include what types of hearings justice court judges provide in determining bail; what factors, if any, justice court judges use to arrive at bail determinations; and how many felony arrestees eligible for bail are nonetheless detained due to bail amounts they cannot afford.

94.     Common questions of law for Class 1 include whether the initial appearance in Mississippi is a critical stage of the criminal prosecution such that the Sixth and Fourteenth Amendments to the United States Constitution require that arrestees in the Eighth Circuit Court District receive meaningful and continuous counsel at the initial appearance; and whether the Sixth and/or Fourteenth Amendments to the United States Constitution guarantee an indefinitely detained, indigent arrestee in the Eighth District the right to meaningful and continuous appointed counsel immediately following the initial appearance and prior to indictment.

95.     Common questions of law for Class 2 include whether the indefinite length of time class members risk spending in jail prior to indictment violates, or unduly risks violating, their liberty interests in a speedy trial as protected by the Sixth and Fourteenth Amendments to the United States Constitution; whether the indefinite length of time class members risk spending in jail prior to indictment violates, or unduly risks violating, their

rights against excessive and punitive detention prior to indictment guaranteed by the Fourteenth Amendment to the United States Constitution; and whether the Sixth Amendment right to a speedy trial or the Fourteenth Amendment right against excessive and punitive detention prior to indictment place a limit on the amount of time the State may detain an individual without bringing formal charges via indictment.

96.     Common questions of law for Class 3 include whether putative class members in Scott County who have a right to bail under Mississippi law are entitled to an individualized bail determination under the Fourteenth Amendment to the United States Constitution.

97.     The claims or defenses of the Named Plaintiffs are typical of the claims or defenses of the three proposed classes.  The constitutional deprivations suffered by Named Plaintiffs are the same as those of putative class members.

98.     The Named Plaintiffs and their attorneys will fairly and adequately protect the interests of the classes.  The Named Plaintiffs have no interests antagonistic to the proposed classes, and they are represented by attorneys with significant expertise in criminal procedure and complex civil litigation.

99.     Named Plaintiffs seek systemic reform in Scott County to eliminate indefinite pre-indictment detention and indefinite denial of counsel.  Defendants' actions and omissions in violation of the federal constitution apply generally within each class; thus, final declaratory and injunctive relief is appropriate for the proposed classes.

## CLASS CLAIMS FOR RELIEF

*Count I: Denial of the Sixth and Fourteenth Amendment Right to Counsel*

100.    Defendant the Honorable Marcus D. Gordon, in his official capacity as the Senior Circuit Court Judge of the Eighth Circuit Judicial District, by failing to appoint meaningful, continuous counsel to indigent arrestees accused of felonies either at the initial appearance or immediately after the initial appearance or arrest, and in delaying the appointment of meaningful, continuous counsel until these arrestees have been indicted, thus preventing indigent arrestees from receiving a preliminary hearing, has violated and continues to violate the Sixth and Fourteenth Amendment right to the assistance of counsel of Named Plaintiffs and putative class members in proposed Class 1.

*Count II: Denial of Fourteenth Amendment Right to Counsel*

101.    Named Plaintiffs and putative class members in proposed Class 1 have a federally-, state-, and county-created liberty interest in the appointment of counsel at initial appearance, or immediately after the initial appearance to determine whether to seek and conduct a preliminary hearing and to otherwise represent them prior to indictment.  This liberty interest is protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

102.    Defendant the Honorable Marcus D. Gordon, in his official capacity as the Senior Circuit Court Judge of the Eighth Circuit Judicial District, by failing to appoint meaningful, continuous counsel to eligible indigent arrestees accused of felonies either at the initial appearance or immediately after the initial appearance or arrest to conduct a preliminary hearing and begin case preparation, and in delaying the appointment of counsel until these arrestees have been indicted, has violated and continues to violate the Fourteenth Amendment due process and equal protection rights to the assistance of counsel of Named Plaintiffs and putative class members in proposed Class 1.

103.    Defendant Gordon's policy of denying counsel to unindicted, indigent arrestees invidiously discriminates against Named Plaintiffs and the putative Class 1 members by denying them the ability, available to those able to afford private counsel, to request and to receive preliminary hearings, and to otherwise obtain the assistance of counsel during the indefinite pre-indictment period.

*Count III: Denial of Sixth and Fourteenth Amendment Right to Speedy Trial*

104.    Defendants, by their collective policies, practices and procedures described above, have created in Scott County a system of arbitrary, indefinite detention without counsel for unindicted and indigent felony arrestees that deprives or unduly risks depriving Named Plaintiffs and putative class members in proposed Class 2 of their liberty as protected by the Sixth and Fourteenth Amendment right to a speedy trial.

*Count IV: Denial of Fourteenth Amendment Right against Excessive Pre-indictment Detention*

105.    Named Plaintiffs and putative class members in proposed Class 2 have a state-created liberty interest to be free from prosecution for felony accusations unless the District Attorney first secures an indictment from a grand jury.  This state-created liberty interest is protected from arbitrary infringement by the Due Process Clause of the Fourteenth Amendment.

106.    Defendants, by their collective policies, customs, and practices described above, arbitrarily deprive Named Plaintiffs and Class 2 members of their liberty interest in a grand jury indictment by creating in Scott County a system of indefinite detention without counsel for unindicted and indigent felony arrestees.  This system of indefinite detention violates or creates an undue risk of violating Named Plaintiffs' and putative class members in proposed

Class 2's right against excessive and punitive detention prior to indictment as guaranteed by Fourteenth Amendment's right to substantive due process.

*Count V: Denial of Fourteenth Amendment Right to an Individualized Bail Determination*

107.    Defendants Scott County, the Honorable Bill Freeman, and the Honorable Wilbur McCurdy implement a custom, policy and practice of arbitrarily setting bail amounts and conditions for release without individualized hearings or consideration of the bail factors required under state and federal law, including a arrestee's ability to pay and the propriety of nonmonetary bail.

108.    Named Plaintiffs and the putative Class 3 members have a fundamental constitutional right to bail under the Mississippi Constitution that creates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.   Defendants Scott County, Freeman, and McCurdy's failure to provide individualized bail hearings and determinations therefore violates Named Plaintiffs' and the putative class members' rights to due process under the Fourteenth Amendment.

## INDIVIDUAL CLAIMS FOR RELIEF

*Count I: Denial of Sixth Amendment Right to Counsel*

109.    Defendant Scott County, by failing to appoint meaningful, continuous counsel to indigent arrestees accused of felonies either at the initial appearance or immediately after the initial appearance or arrest, and in delaying the appointment of meaningful, continuous counsel until these arrestees have been indicted, thus preventing indigent arrestees from receiving a preliminary hearing, has violated the Sixth and Fourteenth Amendment right to the assistance of counsel of Plaintiffs Burks and Bassett.

110.    As a direct and proximal result of Defendant Scott County's failure to provide Plaintiffs Bassett and Burks' with counsel, both Plaintiffs were wrongfully detained at the Scott County jail for 8 and 10 months, respectively.

*Count II: Denial of Fourteenth Amendment Right to Counsel*

111.    Plaintiffs Burks and Bassett have a federally-, state- and county-created liberty interest in the appointment of counsel at the initial appearance or immediately after the initial appearance to conduct a preliminary hearing and to otherwise represent them prior to indictment that is protected by the Due Process Clause and Equal Protection Clauses of the Fourteenth Amendment.

112.    Defendant Scott County, by failing to appoint meaningful, continuous counsel to indigent arrestees accused of felonies either at the initial appearance or immediately after the initial appearance or arrest to conduct a preliminary hearing and begin case preparation, and in delaying the appointment of counsel until these arrestees have been indicted, has violated Plaintiffs' Fourteenth Amendment due process and equal protection rights to the assistance of counsel.

113.    Defendant Scott County's policy of denying counsel to unindicted, indigent arrestees invidiously discriminates against Plaintiffs and Bassett by denying them the ability, available to those able to afford private counsel, to request and to receive preliminary hearings, and to otherwise obtain the assistance of counsel during the pre-indictment period.

114.    As a direct and proximal result of Defendant Scott County's failure to provide Plaintiffs Bassett and Burks' with counsel, both Plaintiffs were wrongfully detained at the Scott County jail for 8 and 10 months, respectively.

*Count III: Denial of Fourteenth Amendment Right to an Individualized Bail Hearing*

115.    Defendant Scott County, the Honorable Bill Freeman and the Honorable Wilbur McCurdy implement a policy, custom, and practice of arbitrarily setting bail amounts and conditions for release without individualized hearings or consideration of the bail factors required under state and federal law, including an arrestee's ability to pay and the propriety of nonmonetary bail.

116.    Plaintiffs Bassett and Burks have a fundamental constitutional right to bail under the Mississippi Constitution that creates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Scott County's failure to provide individualized bail hearings and determinations violated Plaintiffs' rights to due process under the Fourteenth Amendment.

117.    As a direct and proximal result of Defendant Scott County's failure to provide Plaintiffs Bassett and Burks' with individualized bail hearings, both Plaintiffs were wrongfully detained at the Scott County jail for 8 and 10 months, respectively.

## RELIEF REQUESTED

WHEREFORE, Named Plaintiffs Burks and Bassett request that this Court:

a.  Certify the three proposed classes as defined in paragraphs 85-96 above;

b.  Enter a judgment declaring that Defendant Gordon has violated and is violating Named Plaintiffs' and the Class 1 members' right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution by failing to assign meaningful, continuous counsel either within 7 days of arrest, or within a reasonably immediate period of time to allow counsel to request, prepare for, and conduct preliminary and bail hearings;

21

c.  Enter a judgment declaring that Defendant Gordon has violated and is violating Named Plaintiffs' and the Class 1 members' right to counsel under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution by failing to assign meaningful, continuous counsel either within 7 days of arrest, or within a reasonably immediate period of time to allow counsel to request, prepare for, and conduct preliminary and bail hearings;

d.  Enter a judgment declaring that Defendant Scott County has violated and is violating the right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution of Plaintiffs Bassett and Burks by failing to by failing to assign counsel within 7 days of their arrests, or within a reasonably immediate period of time to allow counsel to request, prepare for, and conduct  preliminary and bail hearings;

e.  Enter a judgment declaring that Defendant Scott County violated Plaintiffs Bassett and Burks's right to counsel under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution by failing to assign them counsel within 7 days of their arrests or within a reasonably immediate period of time to allow counsel to request, prepare for, and conduct preliminary and bail hearings.

f.  Enter a judgment declaring that Defendants are violating or unduly risk violating Named Plaintiffs' and the Class 2 members' right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution by failing to provide periodic judicial hearings to review and determine the propriety of their continued custody prior to indictment as a matter of right;

g.  Enter a judgment declaring that Defendants are violating or unduly risk violating Named Plaintiffs' and the Class 2 members' right against excessive and punitive pre-indictment

detention under the substantive component of the Due Process Clause of Fourteenth Amendment to the United States Constitution by failing to provide periodic judicial hearings to review and determine the propriety of their continued custody prior to indictment as a matter of right;

h. Enter a judgment declaring that Defendants Scott County, Freeman, and McCurdy are violating Named Plaintiffs' and the Class 3 members' Fourteenth Amendment due process rights to individualized bail determinations;

i. Enter a judgment declaring that Defendant Scott County violated Plaintiffs Bassett and Burks' Fourteenth Amendment due process rights to individualized bail determinations;

j. Award damages against Scott County to Plaintiffs Burks and Bassett for the time they spent wrongfully detained at the Scott County jail due directly to Scott County's failure to provide them with counsel and individualized bail hearings;

k. Award costs and attorney's fees pursuant to 42 U.S.C. § 1988;

l. Grant or award any other relief this Court deems just and proper.

This the Twelfth day of December, 2014.


Respectfully submitted,

/s/Brandon Buskey
Brandon J. Buskey*
Ezekiel Edwards*
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY  10004
212-284-7364
bbuskey@aclu.org
eedwards@aclu.org
* Pro Hac Vice

/s/Charles Irvin
Charles Irvin (MS Bar No. 99607)
ACLU of Mississippi, Foundation, Inc.
233 East Capital Street
Jackson, MS  39201
(601) 3543408
cirvin@aclu-ms.org

James Craig (MS Bar No. 7798)
Katie Schwartzmann*
Roderick and Solange MacArthur Justice
    Center
4400 S. Carrollton Avenue
New Orleans, LA 70119-6824
504-620-2259 phone
jim.craig@macarthurjustice.org
katie.schwartzmann@macarthurjustice.org

J. Cliff Johnson (MS Bar No. 9383)
Roderick and Solange MacArthur Justice
    Center
P.O. Box 1848
University, MS  38677
662-915-7629 phone
cjohnson@macarthurjustice.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 12th day of December, 2014, the foregoing Amended Complaint was filed with the Clerk of Court using the CM/ECF system which sent notifications to all counsel of record.

s/ *Cliff Johnson*_____

J. Cliff Johnson (MS Bar No. 9383)
Roderick and Solange MacArthur Justice
   Center
P.O. Box 1848
University, MS  38677
662-915-7629 phone
cjohnson@macarthurjustice.org
