**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,**
**NORTHERN DIVISION**

Octavius Burks; Joshua Bassett, on behalf of      *
themselves and all others similarly situated,      *
     *
           Plaintiffs,      *
     *
vs.      *      Case No: 3:14cv745HTW-LRA
     *
Scott County, Mississippi; The Honorable      *
Marcus D. Gordon, in his official capacity;      *
The Honorable Bill Freeman, in his official      *
capacity; The Honorable Wilbur McCurdy,      *
in his official capacity; Mark Duncan,      *
District Attorney for the 8th Circuit Court      *
District, in his official capacity;      *
     *
           Defendants.      *

**<u>ORDER</u>**

Before this Court is Plaintiffs' lawsuit seeking a declaratory judgment. Plaintiffs herein are Octavia Burks and Joshua Bassett. The Defendants are Scott County, Mississippi; the Honorable Marcus D. Gordon, in his official capacity; the Honorable Bill Freeman, in his official capacity; the Honorable Wilbur McCurdy,   in his official capacity; and Mark Duncan, District Attorney for the 8th Circuit Court District, in his official capacity.

Plaintiffs are aggrieved over the following circumstances: that they were arrested for felony offenses and held in the Scott County Detention Center without counsel since November 18, 2013 and January 16, 2014, respectively, and that they were detained indefinitely without individual bail hearings in Scott County.

On September 24, 2014, Plaintiffs filed the instant action alleging entitlement to a remedy under 42 U.S.C. §1983[1]. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. §1331[2].

On April 10, 2017, the parties reached a settlement. That settlement concludes this litigation relative to the 6th Amendment right to counsel, the 14th Amendment right to equal protection, and the 14th Amendment right to individualized bail hearings necessary for the service of due process.

The parties have agreed to the following:

**Right to Counsel**

*Sixth Amendment*

The right to counsel attaches at an arrestee's first formal judicial proceeding. *Rothgery v. Gillespie County, Tx*, 554 U.S. 191, 194, 212 (2008).  Thereafter, counsel must be appointed as soon as is reasonably feasible "to allow for adequate representation at any critical stage before trial."  Id. at 212.  Under Mississippi law, the right to counsel attaches at arrest, rather than at the first judicial proceeding.  *Grayson v. State*, 806 So.2d 241, 248 (Miss. 2001). The prompt appointment of counsel following attachment is necessary to protect an indigent arrestee's fundamental right to pretrial liberty.  See *United States v. Salerno*, 481 U.S. 739, 750,

---

[1] Title 42 U.S.C. §1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[2] Title 28 U.S.C.A. §1331: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

755 (1987) (recognizing the fundamental right to pretrial liberty); *Argersinger v. Hamlin*, 407 U.S. 25, 37-38, (1972) ("We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment.").  Further, it is well-established that a preliminary hearing, at which an arrestee may earn release by challenging the arrest and arguing for lowered bail conditions, is a critical stage before trial.  *Coleman v. Alabama*, 399 U.S. 1, 9 (1970).  The right to counsel for a preliminary hearing includes the right to consult with an attorney about the preliminary hearing.  See *Avery v. Alabama*, 308 U.S. 444, 446 (1940) (concluding that right to assistance of counsel must include "opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense"); cf. *Roe v. Flores-Ortega*, 528 U.S. 470, 478-80 (2000) (counsel ordinarily has obligation to consult with client about an appeal).

Under Mississippi law, a grand jury indictment moots a detained arrestee's right to a preliminary hearing and, consequently, the arrestee's right to counsel for a preliminary hearing. Miss. R. Unif. Cir. & Cnty. Ct. 6.05.  Thus, absent a valid waiver, counsel must be provided for indigent defendants prior to indictment, at or promptly after the first judicial proceeding, to preserve an indigent arrestee's right to a preliminary hearing and meaningful representation at all critical stages before trial.  In Mississippi jurisdictions with public defenders, state law requires that indigency affidavits be provided as part of the arrest process, and indigent defendants become clients of the public defender upon executing that affidavit.  *In re Office of the Hinds County Public Defender*, No. 2015-M-00397 (interpreting Miss. Code. Ann. § 25-32-9(1)).

**Equal Protection**

Delaying the appointment of counsel to indigent defendants until after a grand jury indictment in Mississippi also implicates the Equal Protection Clause of the Fourteenth Amendment.  Such delay impermissibly risks creating a dual system of justice wherein only arrestees who can afford counsel have meaningful access to the pretrial process, including preliminary and bail hearings, case investigation, and plea negotiation.  See *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) ("There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."); see also *Douglas v. California*, 372 U.S. 353, 357-58 (1963) ("There is lacking that equality demanded by the Fourteenth Amendment where the rich man . . . enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent . . . is forced to shift for himself."); cf. *Mayer v. City of Chicago*, 404 U.S. 189, 197 (1971) ("The invidiousness of the discrimination that exists when criminal procedures are made available only to those who can pay is not erased by any differences in the sentences that may be imposed.").

**Right to Bail**

In the pretrial context, it is well settled that jailing someone solely because they cannot satisfy a financial condition "is invidious discrimination and not constitutionally permissible." *Pugh v. Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1978). Though the state has a compelling interest in assuring the presence at trial of persons charged with crimes, an arrestee's right to pretrial liberty is fundamental. *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").   In imposing bail, the judge must determine the least onerous conditions of

release that will ensure the defendant's presence at trial.  *Pugh*, 572 F.2d at p. 1058 fn.8; *Lee vs. Lawson*, 375 So.2d 1019, 1023 (Miss. 1979).  Accordingly, an arrestee is entitled to an individualized bail hearing wherein courts must meaningfully consider alternatives other than money bail in determining how best to assure a defendant's presence at trial.  *Stack v. Boyle,* 342 U.S. 1, 5 (1951); Lee 375 So. 2d at 1023.

All parties have consented and agreed with the above. This Court is satisfied that this submitted proposal for declaratory judgment comports with the law. The parties have submitted a signed agreement entitled "Agreement to Settle All Equitable Claims." This document shall be made a part of this Order. Accordingly, the Court enters such as the ruling of this Court.

This case is now CLOSED.

**SO ORDERED AND ADJUDGED** this ___26th_____day of ___June_____, 2017.

s/ HENRY T. WINGATE_____ _____
UNITED DISTRICT COURT JUDGE