## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## NORTHERN DIVISION

| | | |
|---|---|---|
| Octavius Burks; Joshua Bassett, on behalf of themselves and all others similarly situated, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | Case No: 3:14cv745HTW-LRA |
| Scott County, Mississippi; The Honorable Marcus D. Gordon, in his official capacity; The Honorable Bill Freeman, in his official capacity; The Honorable Wilbur McCurdy, in his official capacity; Mark Duncan, District Attorney for the 8th Circuit Court District, in his official capacity; | * * * * * * * | |
| Defendants. | * * | |

## AGREEMENT TO SETTLE ALL EQUITABLE CLAIMS

COME NOW the undersigned parties and, for good and valuable consideration, enter into this Agreement regarding Case No. 3:14cv745HTW-LRA, Burks, et al. v. Scott County, Mississippi, et al., now pending in the U.S. District Court, Southern District of Mississippi (the "Lawsuit").

WHEREAS named Plaintiffs Octavius Burks and Joshua Bassett filed the Lawsuit on September 23, 2014 while in the custody of Scott County, Mississippi after being arrested for felony offenses and held in the Scott County Detention Center without counsel since November 18, 2013 and January 16, 2014 respectively;

WHEREAS Plaintiffs brought this class action suit under 42 U.S.C. § 1983 on behalf of themselves and those similarly situated who have been indefinitely detained without individual

1

bail hearings in Scott County and who have been indefinitely denied counsel in Scott County and throughout the Eighth Circuit Court District;

WHEREAS Scott County, Mississippi denies such allegations and any liability for the claims raised by the Plaintiffs; and

WHEREAS, the Parties enter into this Agreement in an effort to resolve this case efficiently, fairly, and without costly litigation;

NOW, THEREFORE, the Parties agree to the following:

1.     The Parties agree to the entry of a final judgment as to all declaratory and injunctive relief as set out herein.  The Parties have entered into a separate agreement to resolve the other claims brought in this case and agree to comply with that agreement.

2.     Subject to approval by the Court, the Parties agree to request the entry of a declaratory judgment as follows:

**Right to Counsel**

*Sixth Amendment*

The right to counsel attaches at an arrestee's first formal judicial proceeding. *Rothgery v. Gillespie County, Tx*, 554 U.S. 191, 194, 212 (2008).  Thereafter, counsel must be appointed as soon as is reasonably feasible "to allow for adequate representation at any critical stage before trial." *Id.* at 212.  Under Mississippi law, the right to counsel attaches at arrest, rather than at the first judicial proceeding. *Grayson v. State*, 806 So.2d 241, 248 (Miss. 2001).  The prompt appointment of counsel following attachment is necessary to protect an indigent arrestee's fundamental right to pretrial liberty.  *See United States v. Salerno*, 481 U.S. 739, 750, 755 (1987) (recognizing the fundamental right to pretrial liberty); *Argersinger v. Hamlin*, 407 U.S. 25, 37-

2

38, (1972) ("We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment."). Further, it is well-established that a preliminary hearing, at which an arrestee may earn release by challenging the arrest and arguing for lowered bail conditions, is a critical stage before trial. *Coleman v. Alabama*, 399 U.S. 1, 9 (1970). The right to counsel for a preliminary hearing includes the right to consult with an attorney about the preliminary hearing. *See Avery v. Alabama*, 308 U.S. 444, 446 (1940) (concluding that right to assistance of counsel must include "opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense"); *cf. Roe v. Flores-Ortega*, 528 U.S. 470, 478-80 (2000) (counsel ordinarily has obligation to consult with client about an appeal).

Under Mississippi law, a grand jury indictment moots a detained arrestee's right to a preliminary hearing and, consequently, the arrestee's right to counsel for a preliminary hearing. Miss. R. Unif. Cir. & Cnty. Ct. 6.05. Thus, absent a valid waiver, counsel must be provided for indigent defendants prior to indictment, at or promptly after the first judicial proceeding, to preserve an indigent arrestee's right to a preliminary hearing and meaningful representation at all critical stages before trial. In Mississippi jurisdictions with public defenders, state law requires that indigency affidavits be provided as part of the arrest process, and indigent defendants become clients of the public defender upon executing that affidavit. *In re Office of the Hinds County Public Defender*, No. 2015-M-00397 (interpreting Miss. Code. Ann. § 25-32-9(1)).

*Equal Protection*

Delaying the appointment of counsel to indigent defendants until after a grand jury indictment in Mississippi also implicates the Equal Protection Clause of the Fourteenth

3

Amendment. Such delay impermissibly risks creating a dual system of justice wherein only arrestees who can afford counsel have meaningful access to the pretrial process, including preliminary and bail hearings, case investigation, and plea negotiation. *See Griffin v. Illinois*, 351 U.S. 12, 19 (1956) ("There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."); *see also Douglas v. California*, 372 U.S. 353, 357-58 (1963) ("There is lacking that equality demanded by the Fourteenth Amendment where the rich man . . . enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent . . . is forced to shift for himself."); *cf. Mayer v. City of Chicago*, 404 U.S. 189, 197 (1971) ("The invidiousness of the discrimination that exists when criminal procedures are made available only to those who can pay is not erased by any differences in the sentences that may be imposed.").

**Right to Bail**

In the pretrial context, it is well settled that jailing someone solely because they cannot satisfy a financial condition "is invidious discrimination and not constitutionally permissible." *Pugh v. Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1978). Though the state has a compelling interest in assuring the presence at trial of persons charged with crimes, an arrestee's right to pretrial liberty is fundamental. *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). In imposing bail, the judge must determine the least onerous conditions of release that will ensure the defendant's presence at trial. *Pugh*, 572 F.2d at p. 1058 fn.8; *Lee vs. Lawson*, 375 So.2d 1019, 1023 (Miss. 1979). Accordingly, an arrestee is entitled to an individualized bail hearing wherein courts must meaningfully consider alternatives other than

4

money bail in determining how best to assure release and a defendant's presence at trial. *Stack v. Boyle*, 342 U.S. 1, 5 (1951); *Lee* 375 So. 2d at 1023.

3.      The named Plaintiffs and their undersigned counsel agree to notify counsel for Scott County upon the discovery of any perceived breach of this agreement or the Court's Judgment, to give Scott County a reasonable amount of time to cure such alleged breach, and to seek relief from the Court for such alleged breach only after such notice and a failure to cure within a reasonable time.

4.      Scott County agrees to the following, unless and until otherwise ordered by the Court:

i.   The Scott County Sheriff shall provide all persons desiring legal representation due to indigence ("indigent arrestee") in their respective jurisdictions the opportunity to request counsel by completing the application attached hereto as Exhibit A.

ii.  Applications for indigent arrestees ("Applications") seeking legal representation shall be provided to all arrestees prior to their initial appearance, which, in accordance with Rule 6.03 of the Uniform Circuit and County Court Rules, must be provided without unnecessary delay and within forty-eight (48) hours of arrest.  If the arrestee has not completed an Application by the initial appearance, the Justice Court shall provide the arrestee an opportunity to complete the Application at the initial appearance.  Upon the arrestee's completion of the Application, the Senior Attorney for Indigent Counsel in the Eighth Circuit Court District ("Senior Attorney") shall represent the arrestee.

5

iii. A true and correct copy of all completed Applications shall be forwarded by the Sheriff of the County in which the indigent arrestees have been taken into custody to the Circuit Court Clerk for that County on a daily basis. The Circuit Court Clerk shall immediately electronically scan and e-mail the Application to the Senior Judge, the Senior Attorney, and the Justice Court Clerk.

iv. If an arrestee completes the Application at the initial appearance, the Justice Court Clerk shall forward the Application to the Circuit Court Clerk.  Such Applications shall be forwarded by the Justice Court Clerk to the Circuit Court Clerk for the County on a daily basis. The Circuit Court Clerk shall immediately electronically scan and e-mail on the same business day applications received from the Justice Court Clerk to the Senior Judge and the Senior Attorney.

iv. The Justice Court Clerk shall also forward a true and correct copy of the indigent arrestee's file to Senior Counsel immediately upon receipt of the Application.

v.  Senior Counsel shall represent the indigent arrestee or assign the matter to one of the other approved Indigent Defense Attorneys employed by the Eighth Circuit pursuant to the Contract for Employment of Felony Indigent Counsel 2016-2018 (a copy of which is attached hereto as Exhibit B and incorporated herein).  The responsible attorney shall meet with the indigent arrestee as required by Rule 7 of the newly-enacted Mississippi Rules of Criminal Procedure and the Mississippi Rules of Professional Conduct.

vi. Consistent with Miss. Code. Ann. § 25-32-9, the Application shall be a part of the record in the case and shall be subject to review by the Senior Judge. Based on review

6

of the Application and any other appropriate evidence, if the Senior Judge finds that the arrestee is not indigent, the Senior Judge shall terminate the representation of the arrestee by Senior Counsel by notifying in writing the arrestee, the Sheriff of the applicable jurisdiction, and the assigned attorney.

5.    Scott County consents to the Court's jurisdiction and authority to enter the Agreed Order incorporating these terms and enjoining it to fulfill these terms as set forth above.

6.    Plaintiffs consent to a finding that the injunctive relief granted in the Agreed Order has been satisfied upon Scott County's implementation of the measures required in the Agreed Order.

7.    Upon Scott County's satisfaction of the injunctive relief granted in the Agreed Order, Plaintiffs agree to dismiss all claims for relief against Scott County in the Amended Complaint.

8.    During the initial 24 months following entry of the Final Judgment in this matter, counsel for Plaintiffs and counsel for Scott County shall meet in person once every three months to discuss implementation of this Agreement and compliance therewith.  During that period, Scott County shall maintain a file containing copies of all Applications described in paragraph 4(i) of this Agreement and all e-mails sent pursuant to paragraph 4(iii) of this Agreement.  Those copies shall be provided to counsel for Plaintiffs at least seven (7) days prior to the quarterly meetings of counsel.

WITNESS our signatures:

For the Plaintiffs:

_____ Date: 4/6/17

Brandon J. Buskey
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
212-284-7364
bbuskey@aclu.org
eedwards@aclu.org

_____ Date: 4/6/17

J. Cliff Johnson (MS Bar No. 9383)
Roderick and Solange MacArthur Justice
    Center
481 Chucky Mullins Drive
University, MS 38677
662-915-7629 phone
cjohnson@macarthurjustice.org

8

125 Broad Street, 18th Floor
New York, NY 10004
212-284-7364
bbuskey@aclu.org
eedwards@aclu.org


_____ Date: _____
J. Cliff Johnson (MS Bar No. 9383)
Roderick and Solange MacArthur Justice
    Center
481 Chucky Mullins Drive
University, MS 38677
662-915-7629 phone
cjohnson@macarthurjustice.org


**For Defendant Scott County:**

_____ Date: 4/10/17
William Robert Allen
Attorney for Defendant Scott County, Mississippi
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
Brookhaven, MS 39601
601-833-4361
will.allen@aanalegal.com

8

125 Broad Street, 18th Floor
New York, NY  10004
212-284-7364
bbuskey@aclu.org
eedwards@aclu.org

_____ Date: _____
J. Cliff Johnson (MS Bar No. 9383)
Roderick and Solange MacArthur Justice
    Center
481 Chucky Mullins Drive
University, MS 38677
662-915-7629 phone
cjohnson@macarthurjustice.org

**For Defendant Scott County:**

_____ Date: _____
William Robert Allen
Attorney for Defendant Scott County, Mississippi
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
Brookhaven, MS  39601
601-833-4361
will.allen@aanalegal.com

For Defendant Leake County, Mississippi:

_____ Date: 9/4/17
Jeffrey W. Webb, Esq.
Webb Law Firm
P.O. Box 452
Carthage, MS 39501-0452
Tel:    601-267-9762
Fax:    601-267-8766
Email:   webblaw@bellsouth.net

For Defendant Neshoba County, Mississippi:

_____ Date: _____
Wade White, Esq.
P.O. Box 459

8

_____ Date: _____
J. Cliff Johnson (MS Bar No. 9383)
Roderick and Solange MacArthur Justice
    Center
481 Chucky Mullins Drive
University, MS 38677
662-915-7629 phone
cjohnson@macarthurjustice.org


**For Defendant Scott County:**

_____ Date: _____
William Robert Allen
Attorney for Defendant Scott County, Mississippi
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
Brookhaven, MS  39601
601-833-4361
will.allen@aanalegal.com


**For Defendant Leake County, Mississippi:**

_____ Date: _____
Jeffrey T. Webb, Esq.
Webb Law Firm
P.O. Box 452
Carthage, MS 39501-0452
Tel:    601-267-9762
Fax:    601-267-8766
Email:   webblaw@bellsouth.net

**For Defendant Neshoba County, Mississippi:**

_____ Date: 4-5-2017
Wade White, Esq.
P.O. Box 459
Philadelphia, MS  39350
Tel:    601-656-2451
Fax:    601-656-2458
Email:  wade.white@outlook.com


**For Defendant Newton County, Mississippi**

_____ Date: _____

8

Philadelphia, MS  39350
Tel:    601-656-2451
Fax:    601-656-2458
Email:  wade.white@outlook.com

**For Defendant Newton County, Mississippi**

_____   Date: 3/23/17

Jason A. Mangum, Esq.
Attorney at Law
P.O. Box 85
Decatur, MS 39327
Tel:    601-635-3432
Fax:    601-635-3914
Email:  magnum@decaturtel.net

# STATE OF MISSISSIPPI
## EIGHTH CIRCUIT COURT DISTRICT

205 MAIN STREET
CARTHAGE, MISSISSIPPI 39051
TELEPHONE: (601) 267-5615
FAX: (601) 267-5616
EMAIL: J.VRCOTTEN@GMAIL.COM



COUNTIES SERVED:
LEAKE
NESHOBA
NEWTON
SCOTT

## VERNON R. COTTEN
### CIRCUIT JUDGE, PLACE II

**TO:**      **APPLICANTS FOR APPOINTMENT OF COUNSEL**

**FROM:**   **JUDGE VERNON R. COTTEN**

**RE:**      **COMPLETION OF THE APPLICATION FOR APPOINTMENT OF COUNSEL**

You have requested through the Justice Court, City or county jails of this court district to submit the attached application for appointment of Counsel on the basis that you are unable to afford to retain your own Counsel for the charge(s) pending against you.

In order for the Court to make an informed decisions to appoint counsel for you, you <u>must fully,</u> completely and truthfully answer the questions in the attached "Statement of Assets". Vague and ambiguous answers, unanswered questions and/or false information will cause your application to be rejected, and it will then be your responsibility to retain your own Counsel. If any questions are not applicable to you, then you must indicate so on the form rather than leaving questions unanswered.

By signing below, you indicate to the court of this district that you understand you must respond completely and truthfully to the questions contained within the "Statement of Assets" in order to be considered for the appointment of Counsel.

---

**Print Name of Applicant**

---

**Signature of Applicant**

---

**Date**

DO NOT UNSTAPLE THIS PACKET. RETURN THE <u>ENTIRE</u> PACKET TO THE CLERK.

EIGHTH CIRCUIT COURT JUDICIAL DISTRICT DRUG COURT / ESTABLISHED DECEMBER 03, 2003

**EXHIBIT A**

IN THE _____ COURT OF _____ COUNTY, MISSISSIPPI

RE: _____ CASE NO.: _____

<u>APPLICATION FOR APPOINTMENT OF FELONY INDIGENT COUNSEL</u>

I, _____, have been charged with the commission of a crime / crimes in this county.  I desire to be represented by an attorney, but I am unable to afford counsel.  I request that an attorney be appointed for me as counsel and for representation.

_____
Signature of Applicant

_____
Date

RECEIPT OF APPLICATION BY CLERK:

I, _____, hereby acknowledge receipt of the attached Application and "Statement of Assets" submitted by the above–named applicant.  Upon receipt, I have forwarded a copy of the application to the County / City Attorney for review.

_____
Signature

_____
Date

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**APPROVED :** _____   **DATE :** _____
                            Circuit Judge

**DENIED :** _____   **DATE :** _____
                          Circuit Judge

Page 2 of 9

IN THE _____ COURT OF _____ COUNTY, MISSISSIPPI

RE: _____ CASE NO.: _____

<u>AFFIDAVIT OF INDIGENCE</u>

STATE OF MISSISSIPPI
COUNTY OF _____

      Personally appeared before me, the undersigned authority in and for the county of _____,

State of Mississippi, the within named _____, who after being

duly sworn on oath, deposes and says as follows:

      1. I, _____, am _____ years of age.  I am unable to

afford to employ counsel, and I request that the Court appoint counsel to represent me in this cause.

      2. I have been charged with the following count/counts: _____

_____

_____

      3. Attached hereto as "Exhibit A" and incorporated herein by reference is a *Statement of Assets,* for

which I fully, completely and truthfully submit to the Court for consideration of appointment of

counsel.

WITNESS MY SIGNATURE, this the _____ day of _____, 20 _____.


_____
                                 Affiant


SWORN TO AND SUBSCRIBED BEFORE ME, this the _____ day of _____,
20 _____.


_____
                          Clerk / Notary Public

My commission expires:


_____

IN THE _____ COURT OF _____ COUNTY, MISSISSIPPI

RE: _____ CASE NO.: _____

<u>STATEMENT  OF  ASSETS</u>
"EXHIBIT  A"

<u>INSTRUCTIONS TO APPLICANT</u>:  You must fully, completely and truthfully answer the questions below.

If any questions do not apply to you, you must indicate so by marking N/A.  Fully and specifically answer

where you are asked to explain.  Vague and ambiguous answers and unanswered questions will cause your

application to be rejected.   If there is not enough room on the form to provide detailed answers, you may

attach your responses on separate sheets of paper.

1.    Print your full legal name: _____

Date of Birth: _____ Social Security Number: _____

Address: _____

This address is:        _____ An apartment
                        _____ House
                        _____ Mobile home / Manufactured Housing
                        _____ Home of a Relative

Home telephone number: _____

Other telephone number: _____

Email address: _____

A.    If you live in an apartment, give the name of the Landlord and the amount of your monthly

      rent: _____

      _____

B.    Is the apartment lease in your name? _____ YES _____ NO. If the lease in not in your

      name, to whom is the apartment leased <u>and</u> what relationship does that person have to you?

      _____

      _____

C.     If you live at the home of a relative, give the name of the relative and their relationship to you?

_____

2.    At the time of arrest, I _____ was employed _____ was not employed.  If you were employed, answer the following:

A.    Name of Employer: _____

B.    Employer's address: _____

_____

C.    Employer's telephone number: _____

D.    Your total income last month: _____

E.    Your total income in the last twelve (12) months: _____

F.    If you were not employed at the time of arrest, when were you last employed? _____

_____

1.    Name and address of former employer: _____

_____

2.    Former Employer's telephone number: _____

3.    How often were you paid? ____ Weekly _____ Every 2 weeks _____ Monthly

4.    What was your rate of pay? _____

5.    Were you employed: _____ Part-time _____ Full-time

6.    Were you terminated by this former employer? _____ YES _____ NO

If you were terminated, explain in detail why you were terminated: _____

_____

_____

G.    If you were not employed at the time of arrest for reasons other than termination, such as illness or disability or voluntarily leaving your employment, explain in detail: _____

_____

_____

3.   Marital status:   ____ Married   ____ Single   ____ Live with significant other

   A.   My spouse/significant other:   ____ Is employed   ____ Is not employed

   B.   Name and address of spouse's/significant other's Employer: _____

       _____

   C.   Employer's telephone number: _____

   D.   How often is he/she paid:   ____ Weekly   ____ Every 2 weeks   ____ Monthly

   E.   Spouse's /significant other's total income last month: _____

   F.   Spouse's/significant other's income in the last twelve (12) months: _____

   G.   Do you or your spouse/significant other receive any type of governmental assistance, including
       but not limited to disability, social security, food stamps, unemployment, etc.?

       ____ YES   ____ NO

       If Yes, explain in detail what assistance is received, who receives that assistance and the
       amount received each month: _____

       _____

   H.   I,   ____ Have children   ____ Do not have children

       If you have children, give their names, ages and residence, whether they live with you.  Also
       state if you are paying child support, how much you pay and how often it is paid: _____

       _____

       _____

       _____

       _____

       _____

4.  Have you ever suffered from a mental disease or illness? ___ YES      ___ NO      If Yes,

    A.  When were you diagnosed? _____

    B.  Who was your doctor? _____

    C.  Do you currently suffer from a mental disease or illness? ___ YES      ___ NO

        If Yes, are currently under a doctor's care? _____

        _____

    D.  Who is responsible for payment of your treatment? ___ Self      ___ Medicare/Medicaid

        ___ Private Insurance      ___ Spouse/Significant other      ___ Parent/Guardian

5.  My mother: ___ Is alive   ___ Is deceased      Mother's name: _____

    My mother: ___ Is employed   ___ Is not employed   ___ Is retired.  If she is employed,

    A.  Mother's Employer: _____

    B.  Employer's address: _____

    C.  Employer's telephone number: _____

    D.  Mother's total income last month: _____

    E.  Mother's total income in the last twelve (12) months: _____

    F.  How often is she paid: ___ Weekly      ___ Every 2 weeks      ___ Monthly

    G.  Does your mother own real property (land or house)? ___ YES      ___ NO

        If yes, describe the property, including the number of acres and the location of the property:

        _____

        _____

6.  My father: ___ Is alive   ___ Is deceased      Father's name: _____

    My father: ___ Is employed   ___ Is not employed   ___ Is retired.  If he is employed,

    A.  Father's Employer: _____

    B.  Employer's address: _____

C.      Employer's telephone number: _____

D.      Father's total income last month: _____

E.      Father's total income in the last twelve (12) months: _____

F.      How often is he paid: ____ Weekly     ____ Every 2 weeks    ____ Monthly

G.      Does your father own real property (land or house)? ____ YES    ____ NO

           If yes, describe the property, including the number of acres and the location of the property:

           _____

           _____

7.     I am/my spouse/significant other own the following property (list anything of value, such as homes, land, vehicles, boats, trailers, four–wheelers, TVs, DVDs, Stereo systems, home entertainment equipment, etc.) _____

     _____

     _____

     _____

     If you listed homes or land above, give the description, including acres, and the location of this property: _____

     _____

8.     Bank accounts and taxes:

A.      ____ I have a checking account     ____ I do not have a checking account

     If you have a checking account, provide the name and location of the bank and the amount in your account: _____

B.      ____ I have a savings account     ____ I do not have a savings account

     If you have a savings account, provide the name and location of the bank and the amount in your account: _____

C.      \_\_\_\_ I received a federal and/or state tax refund last year.

\_\_\_\_I did not receive a federal and/or state tax refund last year.

If you receive a federal or state tax refund last year, give the amount(s) you received:  \_\_\_\_\_

_____

9.     List any other sources of income or assets, such as IRA's, retirement accounts, CDs, accounts receivable, mutual funds or farm animals and where these assets are located:  _____

_____

_____

_____

10.    List any outstanding debts that you have, whether individual or joint debts.  Give the amount of the debt and to whom the debt is owed:  _____

_____

_____

_____

*Revised 12/2016*
*8th Cir.Ct., CCA*

## CONTRACT FOR EMPLOYMENT OF FELONY INDIGENT COUNSEL 2016-2017

Witness this Contract by and among the following:

1. P. Shawn Harris, James E. Smith, III, and Brittany W. Brown, all of the first part, hereinafter referred to as "Counsel";

2. The Eighth Circuit Court District of the State of Mississippi, acting through its Senior Judge, hereinafter referred to as "Court"; and

3. The Boards of Supervisors of Leake, Neshoba, Newton and Scott Counties, State of Mississippi, hereinafter referred to as "Boards".

The Boards, as authorized by *Miss. Code Ann.* § 19-3-69, have determined that professional services of attorneys-at-law are necessary and in the best interests of the counties for said purpose. The Counsel are each an attorney-at-law and are admitted into practice law in by the Mississippi Board of Bar Admissions. Therefore, the Counsel, Court and Boards (hereinafter referred to as "Parties") do contract and agree as follows:

1. **PERIOD:** The period of employment under this contract shall be for one (1) year, beginning October 1, 2016, and ending September 30, 2017. However, this contract may be amended to comply with any public defender legislation passed by the state legislature made to take effect prior to September 30, 2016, or by agreement of all of the parties.

2. **DUTIES OF COUNSEL:** During the period, one or more of the Counsel will provide legal representation to each indigent person charged with a felony crime within Leake, Neshoba, Newton and Scott Counties and for each indigent person indicted for misdemeanor crimes by the grand juries of the four counties, subject to exceptions set out herein.

3. **DETERMINATION OF INDIGENCE:** All persons desiring legal representation by Counsel due to indigence shall apply, as in the past, to the Court through the Senior Judge, who shall approve or disapprove such applications. Upon approval of an application for felony indigent counsel, the Court will notify the Counsel of the following: (a) name of the indigent person approved for legal representation; (b) the crime(s) with which the indigent

**EXHIBIT B**

person is charged; and (c) the court in which he/she is charged.

4.   EXPENSE AND COMPENSATION OF COUNSEL: The total annual budget of Counsel shall consist of $175,018.00, plus insurance, with $25,000.00 for expenses and $150,018.00 as compensation, which will be allocated among the four attorneys as follows:

| Senior Attorney | Expense | | Compensation | |
|---|---|---|---|---|
| | Annual | Monthly | Annual | Monthly |
| P. Shawn Harris | $10,000.00 | $833.33 | $53,339.34 | $4,444.94 |
| Attorney | Expense | | Compensation | |
| | Annual | Monthly | Annual | Monthly |
| James E. Smith, III | $7,500.00 | $625.00 | $48,339.33 | $4,028.27 |
| Brittany W. Brown | $7,500.00 | $625.00 | $48,339.33 | $4,028.27 |

5.   ALLOCATION OF PAYMENT AMONG BOARDS:  As determined by the Court and based upon the history of the case loads, each of the Boards' pro-rata share of the expenses and compensation shall be as follows:

> *Leake* __20__ percent          *Neshoba* __30__ percent
>
> *Newton* __20__ percent        *Scott* __30__ percent

6.   EXCEPTIONS AND LIMITATIONS:  It is understood by the parties that there are certain exceptions and limitations to the contract as follows:

[A]   The term "legal representation", as set forth in paragraph 2 above, is limited to indigent persons charged with felony crimes within Leake, Neshoba, Newton and Scott Counties and to indigent persons indicted for misdemeanor crimes by the grand juries of said counties. Legal representation includes appearances and trials in the circuit courts of the four counties and perfection of any appeals to the Mississippi Supreme Court. Also included is the representation of indigent persons at their preliminary hearings in the Justice and Municipal Courts of the four counties, but it does not include any misdemeanor representation in the Justice and

Municipal Courts, nor any appeals from such courts. Further, legal representation does not include any representation in any federal court or American Indian tribal court.

[B]   The Court, by order, may allow additional expense to the Counsel or any of them for mileage, meals and/or lodging incurred as a result of any trials moved to any county outside of the Eighth Circuit Court District.

[C]   Nothing in this contract shall limit or restrict the Counsel in their individual private practices of law or in their association with other attorneys. They may accept private-pay clients, civil and criminal, and represent them in the various courts in which they are admitted to practice, as well as to engage in any activity which is generally considered the practice of law. However, the Counsel will organize their individual law practices so that they, or at least one of them, will be available to perform the duties under this contract at all times required by the Court.

[D]   The parties recognize that certain conflicts are inevitable, and in the unlikely event that all of the Counsel have a conflict of interest in a case, the Court reserves the right to appoint other attorneys to represent the indigent person(s) in those cases, who will be similarly compensated in accordance with *Miss. Code Ann.* § 99-15-17. It is also recognized that there are certain limitations and conflicts that presently exist as to certain attorneys of the Counsel, and it is understood that the remaining attorneys will make adjustments for these limitations and conflicts by shifting the work load.

[E]   The Court will grant leeway to the senior attorney to suggest the division of cases, but the Court will supervise same and will be the final determining authority of what cases are assigned to the attorneys.

[F]   The attorneys are hereby appointed as employees of Leake, Neshoba, Newton and Scott Counties.

7.   **INSURANCE:** The Boards will provide group health and life insurance to Counsel, with

one of the four Boards extending the coverage and the other three Boards reimbursing the covering Board by paying their pro-rata share as set out in paragraph 5 above.

**APPROVAL AND EXECUTION:**

(1)    A copy of this contract will be submitted to each Board for approval and entry upon their minutes.  Upon approval and entry upon the minutes, each Board will immediately forward two (2) copies, certified by the Board Clerk, to the Hon. Vernon R. Cotten 205 W. Main Street, Carthage, Mississippi 39051.

(2)    The Counsel will execute a single, original contract, which will be submitted to the Court.  Upon approval and execution by the Court, the original contract will be filed with the Circuit Clerk of one of the four counties and will be entered upon the Court minutes.

(3)    The Circuit Clerk having custody of the original contract shall prepare eight (8) certified copies for distribution as follows: one to each of the other three Circuit Clerks for entry upon their minutes; one to each of the four Boards of Supervisors for entry upon their minutes; and one to the office of the Senior Circuit Court Judge.

**THE COUNSEL:**

AGREED AND APPROVED, this the __8th__ day of __August__, 2016.

_____          _____
P. Shawn Harris                               James E. Smith, III

_____
Brittany W. Brown

**THE COURT:**

APPROVED, this the ____1st____ day of ____August_____, 2016.

_____

**SENIOR CIRCUIT COURT JUDGE**
**VERNON R. COTTEN**
**EIGHTH CIRCUIT COURT DISTRICT**


**THE BOARDS:**

*See separate Board Orders approving Contract, attached hereto and incorporated herein.*

### SCOTT COUNTY
## BOARD OF SUPERVISORS

Post Office Drawer 630          Phone: 601-469-1926
FAX: 601-469-5058
**FOREST, MISSISSIPPI 39074**

**BOARD ATTORNEY:**
ROY NOBLE LEE, JR.
P.O. BOX 370
FOREST, MS 39074
PHONE: 601-469-2721

**COMPTROLLER:**
KIM ERVIN
P.O. BOX 630
FOREST, MS 39074
PHONE: 601-469-1926

August 15, 2016

Honorable Judge Cotten
205 Main Street
Carthage, MS 39051

Honorable Judge Cotten:

Please find enclosed the signed Approval of Contract for Employment of Felony Indigent Counsel by the Board of Supervisors of Scott County. The contract was brought before the board and approved on August 15, 2016.

If you need anything further, please do not hesitate to contact our office at 601-469-1926 or you may contact me by email kim@scottcountyms.gov.

Sincerely,

Kim Fultz
Comptroller

Enclosures

— SUPERVISORS —

| — DISTRICT 1 — | — DISTRICT 2 — | — DISTRICT 3 — | — DISTRICT 4 — | — DISTRICT 5 — |
|---|---|---|---|---|
| JACKIE BRADFORD | TIM SOREY | STEVEN CROTWELL | JOHNNY P. HARRELL | BRUCE McMILLAN |
| 601-469-2599 | 601-775-8854 | 601-259-6009 | 601-732-8195 | 601-775-3202 |

## APPROVAL OF CONTRACT FOR EMPLOYMENT OF FELONY INDIGENT COUNSEL BY THE BOARD OF SUPERVISORS OF SCOTT COUNTY

On a motion, duly seconded and followed by the affirmative vote of a majority of the members present constituting a quorum, the attached *Contract for Employment of Felony Indigent Counsel 2016-2017* is hereby approved and entered into the Counsel and the Court. The Clerk of this Board shall cause this Contract to be spread upon the minutes and will immediately transmit two (2) certified copies to the Senior Circuit Judge, Vernon R. Cotten, at 205 West Main Street, Carthage, Mississippi 39051.

**SO ORDERED AND ADJUDGED** in open and regular session, this the ___15___ day of

___August___, 2016.

President

Attest:

Approved under Miss. Code Ann. § 19-3-69;

Board Attorney

## CERTIFICATE OF BOARD CLERK

I, the undersigned Chancery Clerk of Scott County, Mississippi, and as Clerk of the Board of Supervisors of this county, do hereby certify that the foregoing is a true and correct copy of an action of the Board, duly passed by the Board on the date therein stated and as the same appears upon the minutes of Board of which I am the custodian.

SO CERTIFIED, this the ___15th___ day of ___August___, 2016.

Clerk of the Board of Supervisors

RECEIVED

AUG 17 2016

CIRCUIT JUDGE